*Barry v. Holder*

BIA
Burr, IJ
A073 594 961

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand fifteen.

PRESENT:
>        RALPH K. WINTER,
>        GUIDO CALABRESI,
>        RAYMOND J. LOHIER, JR.,
>                *Circuit Judges.*

_____

MOHAMED Y. BARRY,
>        *Petitioner,*

>        v.                                      14-939
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Theodore Vialet, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Emily Anne
                         Radford, Assistant Director; Kohsei
                         Ugumori, Senior Litigation Counsel,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Y. Barry seeks review of a March 5, 2014 decision of the BIA, affirming a June 28, 2012 order of an Immigration Judge ("IJ"), denying Barry's motion to reopen. *In re Barry*, No. A073 594 961 (B.I.A. Mar. 5, 2014), *aff'g* No. A073 594 961 (Immig. Ct. N.Y. City June 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings must move to reopen no later

2

than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Barry's 2012 motion to reopen was untimely because the agency's order of removal became final in 1996, sixteen years earlier.

The time limitation does not apply, however, to motions to reopen to apply for asylum or withholding of removal if they are "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Failure to offer such evidence is, therefore, a proper ground for denial, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The agency did not abuse its discretion in denying Barry's motion to reopen because it was untimely and did not qualify for any exception to the filing deadline. In his motion, Barry

presented evidence of changed country conditions in Guinea, his newly-claimed country of nationality. The statute pertaining to the filing deadline for a motion to reopen provides for an exemption if the movant presents evidence "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii). Barry was ordered removed to Mauritania, not Guinea. The regulations do not encompass a situation in which the alien asserts that conditions have changed in a country to which he is not being removed. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Barry could have moved to reopen on the basis that conditions have changed in Mauritania and presented evidence to that effect, but he did not. Nor does he challenge the agency's original order of removal to Mauritania, or its failure to reexamine his country of citizenship. Thus, the denial of his motion to reopen as untimely was not an abuse of discretion.

Barry also asked the agency to reopen proceedings on humanitarian grounds. The BIA construed this request as a request to exercise its authority to reopen proceedings sua sponte, and declined to do so. We lack jurisdiction to review

4

this entirely discretionary determination.  *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5